[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO QUASH OR MODIFY SUBPOENA DUCES TECUM REGARDING THE CUSTODIAN OF RECORDS OF BORGIDA CO.
The defendant has filed a motion to quash a subpoena duces tecum issued by the plaintiff to the defendant's accountant, Borgida Co. The defendant's counsel purports to file this motion also on behalf of the deponent, Borgida Co.; however, counsel has not filed an appearance for this entity. CT Page 7267
In the subpoena duces tecum, the plaintiff seeks production at a deposition of the accountant of information that relates to the defendant's accounting records, apparently in aid of an effort to determine the amount of profit, if any, derived by the defendant from the alleged unauthorized use of Pratt Whitney engineering drawings to obtain Parts Manufacturer Approval from the Federal Aviation Administration with regard to ten parts.
The list of documents specified for production at the deposition contains eighteen paragraphs. Read together, they request virtually all accounting data and tax returns prepared on behalf of the defendant from 1992 to the present. The defendant asserts broadly that the documents sought are voluminous, that compliance is burdensome, and that the production of accounting data is unnecessary because the defendant has already furnished the plaintiff with its estimation of the profits made from the contested parts.
The defendant's motion to quash indicates only one specific category of information that it claims should not be subject to disclosure. This claim is discussed below. Apart from this specific objection, the defendant broadly asserts that the documents sought are too voluminous and extensive. The defendant observes that if the plaintiff reviews all of its accounting data in order to determine the defendant's profits from the disputed ten parts, it will also be investigating its profits from transactions not in dispute. The defendant takes the position that because it answered interrogatories estimating that its profits were variously between ten and eighteen percent of the invoice amount on sales of the various parts, there is no need for the plaintiff to inspect accounting data.
As the plaintiff has pointed out, the defendant's estimation of profits from the parts may not be reliable, and it certainly is not binding on the plaintiff. When asked how the estimate of profit on each part was reached, a deponent, Armunk Ek, revealed that it was merely an assumption derived from an arbitrary division between profits and "general and administrative expenses" after deducting costs of materials, outside charges, and overhead.
 Q: At some point, were you involved in calculating what profit was made by Aerex in the sale of any of the parts delineated in Exhibit 12? CT Page 7268
A. Yes, as an estimate.
Q. How was the estimate arrived at?
A. Basically an educated guess.
Q. Well, who made the educated guess?
A. I did.
Q. And on what did you base your educated guess?
 A. On an estimate of the cost of materials, outside processes, labor, and the overhead figures that I got from the accountant, overhead including the G and A.
Deposition of Armund Ek, pages 86-87.
It is obviously in Mr. Ek's best interest to take a modest view of the profits derived from the parts in dispute. The plaintiff is not precluded from reaching its own conclusions in this regard, from accounting records from which a determination can be made. As a matter of logic, in order to determine the profitability of a particular part, it may be necessary to calculate the manufacturer's overall costs. Necessarily, such a calculation will include costs and revenue associated with items other than those in dispute. The court therefore finds no merit in the defendant's position that discovery should be limited to accounting records that apply only to the disputed parts. Trade secrets and proprietary information that may be divulged in examination of the defendant's financial records are protected by a protective order previously entered in this case.
Objection to Production of Accountant's Procedures
The only specific objection that the defendant has made to the subpoena duces tecum at issue is to Paragraph 4, in which the plaintiff seeks production of "all practice manuals, check lists, audit procedure manuals and technical letters used by Borgida in connection with its employment, work or services as it relates to Aerex." The defendant objects that such information is proprietary information of Borgida Company.
The plaintiff has indicated its assumption that any such CT Page 7269 material is subject to the protective order already in place. To the extent that the protective order is ambiguous, this court hereby orders that any materials produced in compliance with paragraph 4 of the subpoena duces tecum are subject to that order. Clearly, in order to interpret the figures on reports and statements prepared by the accountant, the plaintiff will need to know the accountant's methodology in treating the various items reported. The material sought in Paragraph 4 is reasonably related, therefore, to material that "would be of assistance in the prosecution . . . of the action." because it is reasonably calculated to lead to admissible evidence, pursuant to Practice Book § 13-2; Sanderson v. Steve Snyder Enterprises, Inc.,196 Conn. 134, 139 (1985).
Conclusion
The court finds that the material sought is reasonably related to the relevant issue of the calculation of the plaintiffs claimed damages, and that the plaintiff is not required to accept the defendant's estimation of the relevant figures. The defendant has failed to identify any specific request that is beyond the scope of discovery, and it has therefore failed to establish grounds for granting any part of its motion to quash.
The defendant's motion to quash is denied.
Beverly J. Hodgson, Judge of the Superior Court